# EXHIBIT D

FILED ___ ENTERED
___ LODGED ___ RECEIVED

NOV 27 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

This document relates to:

Barnett, et al. v. American
Home Products Corp., et al.,
No. C02-423R

## I. BACKGROUND

THIS MATTER comes before the court on the motion of plaintiffs to remand the case to state court in Mississippi. Having reviewed the papers filed in support of and in opposition to this motion, the court rules as follows:

Plaintiffs purchased a variety of over-the-counter drugs including, but not limited to, products sold under the trade names "Robitussin," "Alka-Seltzer Plus," "Dimetapp," "Tavist D," "BC," "Triaminic," "Contac," "Comtrex," and "Equate Tussin CF." All of these products contained the ingredient phenylpropanolamine ("PPA"). The individuals later consumed the medication and suffered unidentified types of injuries. In June 2001, plaintiffs filed an amended complaint in Mississippi state court linking the PPA in the medicine with the injuries sustained.

ORDER
Page - 1 -

43

1  The complaint alleges numerous causes of action against both
2  manufacturers and distributors of PPA-containing products, as
3  well as several retail stores that sold those products.  One of
4  the stores named as a defendant, Bill's Dollar Stores, Inc.,
5  d/b/a Bill's Dollar Store ("Bill's Dollar Store"), is a Missis-
6  sippi corporation.  Two of the six total plaintiffs purchased
7  PPA-containing products from Bill's Dollar Store.[1]

8  Defendants removed the complaint to federal court alleging
9  that plaintiffs fraudulently joined Bill's Dollar Store.  Plain-
10 tiffs moved to remand to state court.  The case was later trans-
11 ferred to this court as part of a multi-district litigation
12 ("MDL").

13                     II.  ANALYSIS

14 A plaintiff cannot defeat federal jurisdiction by fraudu-
15 lently joining a non-diverse party.  As an MDL court sitting in
16 the Ninth Circuit, this court applies the Ninth Circuit's fraudu-
17 lent joinder standard to the motion to remand.  See, e.g., In re
18 Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d 414, 423 (E.D.
19 Pa. 2002); In re Bridgestone/Firestone, 204 F. Supp. 2d 1149,
20 1152 n.2 (S.D. Ind. 2002); In re Tobacco/Gov'tal Health Care
21 Costs Litig., 100 F. Supp. 2d 31, 34 n.1 (D. D.C. 2000); In re

---

[1] Defendants assert the misjoinder of these plaintiffs' claims and request that the court sever and deny remand as to the four plaintiffs who did not purchase any products from Bill's Dollar Store, or from any other Mississippi store.  However, because, as discussed below, the court denies remand as to all plaintiffs named in this action, the court need not address the question of misjoinder at this time.

ORDER
Page - 2 -

Ford Motor Co. Bronco II Prods. Liab. Litig., MDL-991, 1996 U.S. Dist. LEXIS 6769, at *2-4 (E.D. La. May 16, 1996).[2] Under this standard, joinder of a non-diverse party is deemed fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).[3]

The propriety of removal to federal court is determined from the allegations in the complaint at the time of removal. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) However, in the case of fraudulent joinder, the defendant "'is entitled to present the facts showing the joinder to be fraudulent.'" Id. (quoting McCabe, 811 F.2d at 1339). See also Morris

---

[2] See generally Menowitz v. Brown, 991 F.2d 36, 40-41 (2d Cir. 1993); In Re Korean Airlines Disaster, 829 F.2d 1171, 1174-76 (D.C. Cir. 1987).

[3] However, as a practical matter, application of the Fifth Circuit's fraudulent joinder standard would not alter the court's conclusion. See Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000) (remand is denied where there is "no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants.") For example, recent MDL courts utilized fraudulent joinder standards similar, and in one case identical, to the Fifth Circuit's standard in deeming Mississippi pharmacies and their employees fraudulently joined for reasons similar to those expressed in this opinion. See In re Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d at 423-24 (noting that there had been "a pattern of pharmacies being named in complaints, but never pursued to judgment, typically being voluntarily dismissed at some point after the defendants' ability to remove the case has expired"); In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 279 & n.3, 288-92 (S.D.N.Y. 2001).

ORDER
Page - 3 -

1  236 F.3d at 1067-68 (citing Cavallini v. State Farm Mut. Auto.
2  Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) for the proposition
3  that the court may "'pierc[e] the pleadings'" and consider
4  "summary judgment-type evidence.")
5      Defendants allege that plaintiffs fraudulently joined Bill's
6  Dollar Store, while plaintiffs claim the existence of legitimate
7  causes of action against Bill's Dollar Store, including products
8  liability, negligence, misrepresentation, and implied warranty
9  claims.  The parties also argue as to the relevance of a bank-
10 ruptcy petition filed by Bill's Dollar Store prior to the filing
11 of this suit.
12 A.    Products Liability
13      The complaint contains failure to warn and design defect
14 allegations pursuant to the Mississippi Products Liability Act.
15 Miss. Code Ann. § 11-1-63.  Under the Products Liability Act,
16 plaintiff must show that at the time the product left the control
17 of the manufacturer or seller, it was defective in failing to
18 contain adequate warnings or instructions, and/or was designed in
19 a defective manner.  Miss. Code Ann. § 11-1-63 (a)(i)(2)-(3).
20 Plaintiff must also show that the manufacturers and sellers knew,
21 or in light of reasonably available knowledge or the exercise of
22 reasonable care should have known, about the danger that caused
23 the alleged damage.  Miss. Code Ann. § 11-1-63 (c)(i), (f)(i).[4]

---

[4] See also Huff v. Shopsmith, Inc., 786 So.2d 383, 387 (Miss. 2001)("With the adoption of 11-1-63, common law strict liability, as laid out in State Stove Mfg. Co. v. Hodges, 189 So.2d 113

ORDER
Page - 4 -

Plaintiffs allege in the complaint that "defendants" or "all defendants" knew or should have known of dangers associated with PPA. Moreover, plaintiffs specifically aver this knowledge or reason to know on the part of the retailer defendants, including Bill's Dollar Store. However, the court finds that no factual basis can be drawn from the complaint that Bill's Dollar Store had knowledge or reason to know of any dangers allegedly associated with PPA.

First, the complaint utilizes the plural "defendants" in a number of allegations that one could not reasonably interpret to include Bill's Dollar Store. See, e.g., Louis v. Wyeth-Ayerst Pharm., Inc., No. 5:00CV102LN, slip op. at 5-9 (S.D. Miss. Sep. 25, 2000) (finding products liability allegations lodged against "defendants" conclusory where there was no factual support for conclusion that Mississippi pharmacies had knowledge or reason to know of alleged dangers associated with various diet drugs).[3]

---

(Miss. 1966), is no longer the authority on the necessary elements of a products liability action.")

[3] See also In re Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d at 424 (finding complaints, including failure to warn, negligence, breach of warranty, and strict liability claims, devoid of specific allegations against Mississippi pharmacies and "filled instead with general statements levied against all defendants, which most properly can be read as stating claims against drug manufacturers."); In re Rezulin Products Liab. Litig., 133 F. Supp. 2d at 291 (finding improper joinder in case where Mississippi pharmacies were lumped in with manufacturers and acts alleged, including failure to warn, breach of warranty, and fraud, were attributed to "'defendants' generally", but never connected to the pharmacies); accord Badon, 224 F.3d at 391-93 ("While the amended complaint does often use the word

ORDER
Page - 5 -

For example, the complaint describes "defendants" as members of the Non-Prescription Drug Manufacturers Association ("NDMA"). Through this association, "defendants" purportedly participated in numerous discussions relating to the safety of PPA over the past two decades, had representatives sit on the NDMA PPA Task Force, and funded relevant studies. In other words, plaintiffs, in significant part, demonstrate "defendants'" knowledge as to risks allegedly posed by PPA through activities engaged in by manufacturer defendants alone.

Indeed, while "defendants" are alleged to have been aware or to have had responsibility for awareness of numerous scientific journal articles, incident reports, medical textbooks, and other reports containing information as to risks of PPA consumption, general medical practitioners are excluded from this awareness and described as being not "fully informed." The complaint supplies no factual support for a conclusion that a dollar store possessed medical and scientific knowledge beyond that possessed by medical practitioners.

Second, the complaint specifically lays the responsibility for allegedly concealing dangers posed by PPA on the manufacturer defendants. For example, the complaint alleges that the manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns

---

'defendants,' frequently it is evident that such usage could not be referring to the 'Tobacco Wholesalers.'"; finding conspiracy allegations against Louisiana defendants entirely general).

ORDER
Page - 6 -

1  and materials, and other methods. This allegation directly
2  undermines and contradicts the idea that Bill's Dollar Store had
3  knowledge or reason to know of alleged defects. See, e.g.,
4  Louis, slip op. at 4-5 (finding complaint's "major theme" to
5  consist of the "manufacturers' intentional concealment of the
6  true risks of the drug(s), coupled with dissemination through
7  various media of false and misleading information of the safety
8  of the drug(s) at issue, [which belied] any suggestion of knowl-
9  edge, or reason to know by [the] resident defendants.") Cf. In re
10 Rezulin Products Liab. Litig., 133 F. Supp. 2d 272, 290 (S.D.N.Y.
11 2001) (finding Mississippi pharmacies facing failure to warn
12 claims fraudulently joined where "the theory underlying the
13 complaints [was] that the manufacturer defendants hid the dangers
14 of Rezulin from plaintiffs, the public, physicians, distributors
15 and pharmacists — indeed from everyone.")
16     In sum, the court concludes that one could not reasonably
17 read the complaint to support the idea that the retailer defen-
18 dants had knowledge or reason to know of any dangers allegedly
19 associated with PPA. Indeed, reading the complaint as a whole,
20 this allegation reveals itself as directed towards the manufac-
21 turer defendants alone. As such, the court finds that plaintiffs
22 fail to state a products liability cause of action against Bill's
23 Dollar Store.⁶
24 _____
25     ⁶ The complaint once alludes to an "alternative" breach of
   express warranty claim under the Products Liability Act. See
26 Miss. Code Ann. § 11-1-63 (a)(1)(4) (requiring a showing that the

ORDER
Page - 7 -

B. **Negligence and Misrepresentation**

The complaint alleges negligence and misrepresentation by Bill's Dollar Store. A negligence cause of action also requires a showing of knowledge or reason to know on the part of the seller. See, e.g., R. Clinton Constr. Co. v. Bryant & Reaves, Inc., 442 F. Supp. 838, 851 (N.D. Miss. 1977) ("The rule is well settled that in order to fasten liability upon a party for negligence, it must be shown by a preponderance of the evidence that he knew or through the exercise of reasonable care should have known that his selection of a [product] would cause damage to his customer.")[7] A misrepresentation cause of action requires

---

seller breached an express warranty or failed to conform to other express factual representations upon which the claimant relied). However, the products liability allegations go on to touch solely upon failure to warn and design defect claims. Because the complaint lacks any factual basis for support of a breach of express warranty claim against Bill's Dollar Store, the court also finds this bare allegation insufficient to support remand.

[7] Accord Louis, slip op. at 3-4 & n.3 ("[K]nowledge, or a reason to know, is also a necessary requisite for any claim of failure to warn or negligence that a plaintiff might undertake to assert extraneous to a claim under the Products Liability Act itself (assuming solely for the sake of argument that such a claim could exist)."); Cadillac Corp. v. Moore, 320 So.2d 361, 365 (Miss. 1975) (discussing negligence in "vendor/purchaser" context and stating that "fault on the part of a defendant so as to render him liable is to be found in action or nonaction, accompanied by knowledge, actual or implied, of the probable result of his conduct.") Cf. Moore v. Memorial Hosp. of Gulfport, 825 So.2d 658, 664-66 (Miss. 2002) (extending "learned intermediary" doctrine to pharmacists in case involving prescription drug, and holding no actionable negligence claim could exist against a pharmacy unless a plaintiff indisputably informed the pharmacy of health problems which contraindicated the use of the drug in question, or the pharmacist filled

ORDER
Page - 8 -

1  a plaintiff to show:

2   (1) a representation; (2) its falsity; (3) its materi-
    ality; (4) the speaker's knowledge of its falsity or
3   ignorance of its truth; (5) the speaker's intent that
    the representation should be acted upon by the hearer
4   and in the manner reasonably contemplated; (6) the
    hearer's ignorance of its falsity; (7) the hearer's
5   reliance on its truth; (8) the hearer's right to rely
    thereon; and (9) the hearer's consequent and proximate
6   injury.

7  Johnson v. Parke-Davis, 114 F. Supp. 2d 522, 525 (S.D. Miss.

8  2000) (citing Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.

9  1996)).

10      Again, the court finds that the general and contradictory

11 allegations in the complaint do not support the existence of any

12 knowledge or reason to know on the part of Bill's Dollar Store to

13 support a negligence cause of action. The court finds the

14 complaint similarly bereft of any factual support for the idea

15 that Bill's Dollar Store made any misrepresentations whatsoever

16 to plaintiffs regarding the PPA-containing products. See, e.g.,

17 Johnson, 114 F. Supp. 2d at 525 ("Suffice it to say that Plain-

18 tiffs have no proof . . . that any of the named [Mississippi]

19 representatives made any representations directly to any of the

20 Plaintiffs. Thus, none of the Plaintiffs was the 'hearer' of any

21 of the sales representatives' alleged misrepresentations.";

22 finding plaintiffs had no cause of action for misrepresentation).

23 Instead, as discussed above, the complaint attributes this

24

25 ─────────────
   prescriptions in quantities inconsistent with the recommended
26 dosage guidelines).

ORDER
Page - 9 -

behavior to the manufacturing defendants alone. As such, the court also finds that plaintiffs fail to state negligence and misrepresentation causes of action against Bill's Dollar Store.

C. **Implied Warranty**

The complaint also alleges that Bill's Dollar Store breached implied warranties of merchantability and fitness for particular purpose. See Miss. Code Ann. §§ 75-2-314, 315. The complaint accuses "defendants" of breaching the implied warranty of merchantability in failing to adequately label containers and packages containing PPA, and because the products sold failed to conform to promises or affirmations of facts made on the containers or labels. See Miss. Code Ann. § 75-2-314 (2)(e)-(f). The complaint accuses both manufacturers and sellers of breaching the implied warranty of fitness for particular purpose where they had reason to know of the particular use of the products, and the purchasers relied on the sellers' skill or judgment in selecting and furnishing suitable and safe products. See Miss. Code Ann. § 75-2-315.

In order to recover for breach of implied warranty, a buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Miss. Code Ann. § 75-2-607 (3)(a); accord C.R. Daniels, Inc. v. Yazoo Mfg. Co., 641 F. Supp. 205, 210-11 (S.D. Miss. 1986); Gast v. Rogers-Dingus Chevrolet, 585 So. 2d 725, 730-31 (Miss. 1991). Here, the complaint contains no indication that plaintiffs provided Bill's Dollar Store with any notice as

ORDER
Page - 10 -

to an alleged breach of warranty prior to the institution of this lawsuit.

Additionally, with respect to the merchantability claim, the complaint contains no factual support for a conclusion that Bill's Dollar Store was in any way involved with the labeling and/or packaging of the products at issue. Instead, the complaint alleges that the manufacturer defendants concealed material facts regarding PPA through product packaging and labeling.

The court likewise finds plaintiffs' fitness for particular purpose allegation insufficient. "Mississippi does not recognize an implied warranty of fitness for a particular purpose when the good is purchased for the ordinary purpose of a good of that kind." Farris v. Coleman Co., 121 F. Supp. 2d 1014, 1018 (N.D. Miss. 2000) (fitness for particular purpose claim failed where plaintiff purchased cooler to keep food and beverages cold - the ordinary purpose for which a cooler is used). Here, plaintiffs attested that they purchased PPA-containing products to remedy their "cold, flu, sinus and/or allergy symptoms" - the ordinary purpose of these medications.

Therefore, for the reasons stated above, the court finds that plaintiffs fail to state implied warranty causes of action against Bill's Dollar Store.

D. Bankruptcy

Bill's Dollar Store filed a bankruptcy petition in February 2001, several months prior to the filing of plaintiffs' complaint. The filing of the bankruptcy petition operates as a stay

ORDER
Page - 11 -

on judicial or other proceedings brought against Bill's Dollar store that were or could have commenced prior to the commencement of the bankruptcy proceeding. See 11 U.S.C. § 362(a); In re Cajun Elec. Power Co-Op, Inc., 185 F.3d 446, 457 (5th Cir. 1999).

Plaintiffs argue that the automatic stay poses no barrier to relief given that they were unaware of the bankruptcy petition at the time they filed their complaint, and because they anticipate that the Bankruptcy Court will agree to their pending request to lift the stay. However, whether or not plaintiffs knew of the petition and whether or not the stay may later be lifted, the fact remains that, at the time plaintiffs filed their complaint, the stay operated to prohibit their lawsuit. As noted above, the court determines jurisdiction based on the claims as stated at the time of removal. As such, the court finds the existence of the stay at the time of filing serves as an additional reason to deny remand of this matter to state court. Cf. Ritchey, 139 F.3d at 1319-20 (denying remand where the statute of limitations had expired at the time plaintiff filed the complaint).[8]

### III. CONCLUSION

The court concludes that plaintiffs fail to state a cause of action against the only non-diverse defendant, and that the

---

[8] Unlike in a number of other cases transferred to this MDL, the defendants here did not supply the court with any summary judgment-type evidence to establish the retailer defendant's fraudulent joinder. However, the court nonetheless finds that a plain reading of the complaint does not allow a conclusion that plaintiffs state a cause of action against Bill's Dollar Store.

ORDER
Page - 12 -

1  failure is obvious according to the settled rules of Mississippi.
2  As such, the court finds Bill's Dollar Store fraudulently joined
3  and DENIES plaintiff's motion to remand the case to the state
4  courts of Mississippi.
5      DATED at Seattle, Washington this 26th day of November,
6  2002.

             BARBARA JACOBS ROTHSTEIN
             UNITED STATES DISTRICT JUDGE

ORDER
Page - 13 -